UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AFRASA OBED TADESSE, a/k/a
OBED TADESSE AFRASA,

      Petitioner,
 -vs-           **No. 6:18-cv-06682(MAT)**
              **DECISION AND ORDER**
MATTHEW G. WHITAKER, Acting Attorney
General; KIRSTJEN NIELSEN, Secretary
of the Department of Homeland
Security; THOMAS FEELY, U.S. ICE
Field Office Director for the
Buffalo/Batavia Field Office;
and Warden of Immigration Detention
Facility,

      Respondents.

## I. Background

Afrasa Obed Tadesse, a/k/a Obed Tadesse Afrasa ("Petitioner"), an alien under a final order of removal, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the basis that his detention in the custody of the Department of Homeland Security ("DHS"), pending his removal from the United States, violates his constitutional right to due process. Respondent filed an Answer to the Petition, arguing that Petitioner's removal was reasonably foreseeable and not indefinite.

On February 11, 2019, the Court requested a status update on Respondent's efforts to effectuate Petitioner's removal (Docket No. 9). On February 22, 2019, Respondent filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 10), asserting that Petitioner's petition has been rendered moot based on his

release from DHS custody pursuant to an Order of Supervision dated February 7, 2019. Petitioner filed a Response (Docket No. 12), arguing that his petition has not been mooted. On March 11, 2019, Respondent filed a Reply (Docket No. 14). For the reasons discussed herein, the Court grants Respondent's Motion to Dismiss and dismisses the Petition as moot.

**II. Discussion**

The case-or-controversy requirement in Article III, § 2, of the Constitution, is carried "through all stages of federal judicial proceedings" and means that "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); accord Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). In other words, throughout all phases of a lawsuit, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 484 U.S. at 477.

Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer "collateral consequences" of the conviction upon which the now-ended incarceration was based. Spencer, 523 U.S. at 7. Here, Petitioner's habeas petition challenges only the lawfulness of his administrative detention by DHS. The sole relief Petitioner seeks

is release from custody.[1] As the Petition is based only on Petitioner's allegedly unlawful detention in DHS custody, and not on the underlying removal order from which the detention flowed, the issue is whether Petitioner suffers from any "collateral consequences" of detention now that he is no longer "in custody" of DHS. Denis v. DHS/ICE of Buffalo, N.Y., 634 F. Supp.2d 338, 340–41 (W.D.N.Y. 2009).

"The district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." Denis, 634 F. Supp.2d at 341 (collecting cases). In opposition to Respondent's mootness argument, Petitioner has relied, without attribution, on a district court case, Leybinsky v. U.S. Immigration & Customs Enforcement, 10 Civ. 5137(RA), 2013 WL 132544, at *5–7 (S.D.N.Y. Jan. 8, 2013). However, he did not acknowledge that it was reversed on appeal, with the Second Circuit rejecting the district court's reasoning on which he relies.

---

[1] If Petitioner sought to challenge his removal, this Court would be precluded from exercising jurisdiction over his Petition by section 106(a)(1)(B) of REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), which "unequivocally eliminates habeas corpus review of orders of removal." Marquez-Almanzar v. Immigration & Naturalization Serv., 418 F.3d 210, 215 (2d Cir. 2005). However, "[w]hile Congress specifically eliminated the district courts' habeas corpus jurisdiction over review of removal orders, the REAL ID Act does not affect the district courts' jurisdiction over review of other habeas corpus claims." Brempong v. Chertoff, No. 05-CV-733 (PCD), 2006 WL 618106, at *2 (D.Conn. Mar. 10, 2006).

Leybinsky v. U.S. Immigration & Customs Enforcement, 553 F. App'x 108, 109 (2d Cir. 2014) (summary order). In Leybinsky, the district court had ruled that the habeas petition was saved from mootness, despite the alien having been released from federal custody pursuant to an order of supervision, because the challenged governmental conduct was "capable of repetition yet evading review." The Second Circuit disagreed, first noting that following his release from Immigrations and Customs Enforcement ("ICE") custody, Leybinsky was no longer suffering an "actual injury" and had not demonstrated "collateral consequences adequate to meet Article III's injury-in-fact requirement." Leybinsky, 553 F. App'x at 109 (quotation omitted). The Second Circuit ruled that Leybinsky's case did not present the "exceptional situation" in which the "capable-of-repetition" exception to the mootness doctrine applies, since it was Leybinsky himself who was in control of whether his detention was repeated. See Leybinsky, 553 F. App'x at 109-10 ("Leybinsky is 'able—and indeed required by law—to prevent such a possibility from occurring.' It cannot be assumed for this purpose that Leybinsky will continue to violate the terms of his release and become subject to renewed detention.") (internal quotation omitted).

The reasoning of Leybinsky applies equally here: Petitioner has not shown a "reasonable expectation" that he will be subjected to the same action (DHS administrative detention) in the future; to

find otherwise would require the Court to assume that Petitioner will violate the terms of his supervised release.

Where, as here, the relief sought in the Petition—release from custody—has been granted, the Petition no longer presents a live case or controversy within the meaning of Article III, § 3 of the Constitution. Consequently, the Court must dismiss the Petition based on the absence of subject matter jurisdiction. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) ("To sustain [federal] jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed. . . .").

**III. Conclusion**

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 10) is granted, and the Petition (Docket No. 1) is dismissed as moot. The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to close this case.

**SO ORDERED.**

                                         S/Michael A. Telesca
                                    HONORABLE MICHAEL A. TELESCA
                                    United States District Judge

DATED:    April 8, 2019
           Rochester, New York